```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

TRACY L. FRANZ and PAUL FRANZ,

    Plaintiffs,

v.                                   Case No: 2:15-cv-196-FtM-29CM

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,

    Defendant.

_____

**ORDER**

This matter comes before the Court on review of plaintiffs' Complaint (Doc. #2) filed on March 26, 2015. The Complaint incorporates by reference all of the allegations from each Count into each subsequent count. (Doc. #2, ¶¶ 15, 18.)

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola

Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008)(collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Complaint (Doc. #2) is dismissed without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

2. Defendant's Motion to Dismiss (Doc. #5) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_11th\_\_ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record